**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SEACO AND SIGNAL MUTUAL
INDEMNITY ASSOCIATION, LIMITED,
Petitioner,

v.

No. 96-2635

BOBBY BESS; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAM,
UNITED STATES DEPARTMENT OF
LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(No. 94-2370)

Submitted: May 6, 1997

Decided: August 7, 1997

Before HALL and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen E. Darling, SINKLER & BOYD, P.A., Charleston, South
Carolina, for Seaco and Signal. Ralph R. Lorberbaum, ZIPPERER &
LORBERBAUM, P.C., Savannah, Georgia, for Bess. J. Davitt
McAteer, Acting Solicitor of Labor, Carol A. De Deo, Associate

Solicitor, Michael S. Hertzig, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Director.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Respondent Bobbie Bess, a longshoreman, injured his back in August 1991 while at work. Bess received disability benefits until March 1992, when two of his treating physicians opined that he could return to work. An administrative law judge ("ALJ") awarded benefits, and Petitioners appealed to the Benefits Review Board. Since the Board failed to resolve the appeal (which had been pending for over one year) before September 12, 1996, the ALJ's decision was considered affirmed by the Board on that date for purposes of obtaining judicial review. See Omnibus Appropriations for 1996, Pub. L. No. 104-134, § 101(d), 110 Stat. 1321-219 (Apr. 26, 1996). In their timely petition for review in this court, Petitioners challenge whether the ALJ adequately supported his decision granting benefits, whether there was substantial evidence to support the ALJ's decision, whether the award should have been for permanent total disability rather than temporary total disability, and whether they are entitled to relief pursuant to 33 U.S.C. § 908(f) (1994). Since we find that the ALJ failed to adequately discuss the reasons for his decision, we decline to address Petitioners' other claims. Accordingly, we vacate the Board's order and remand with instructions for the Board to remand this action to the ALJ for the ALJ to address the issue of suitable alternate employment.

It was undisputed that Bess could not physically return to work as a longshoreman. In the initial hearing before the ALJ, Petitioners presented evidence on the availability of suitable alternate employment. The ALJ deferred ruling on this issue and an award of benefits

2

pending a psychiatric evaluation to determine whether Bess was malingering. After receiving the psychiatric reports, the ALJ found that Bess was not malingering and awarded him temporary total disability benefits, without ever ruling on the issue of suitable alternate employment.

Decisions of the ALJ are reviewable only as to whether they are in accordance with the law and supported by substantial evidence in light of the entire record. 33 U.S.C. § 921(b)(3) (1994). To provide a basis for thorough review, the ALJ is statutorily required to give a detailed explanation of his findings and conclusions, especially where there is evidence in the record contradicting his conclusion. See v. Washington Metro. Area Transit Auth., 36 F.3d 375, 384 (4th Cir. 1994).

There is a three-step process used to determine whether an award of disability benefits is appropriate. Newport News Shipbuilding & Dry Dock Co. v. Tann, 841 F.2d 540, 542 (4th Cir. 1988). First, the employee must show that he is unable to return to his former job. Second, the burden then shifts to the employer to show that suitable alternate employment is available. Finally, the burden shifts back to the employee to show that he has tried to obtain such alternate employment, but was unable to do so.

It is virtually undisputed that Bess met his burden as to the first step. Though the medical and psychological reports were contradictory, we find that there was substantial evidence to support a finding that Bess was physically and psychologically unable to return to longshore work. The record also shows that Petitioners presented evidence of allegedly suitable alternate employment, including a light-duty job offered by Seaco. Since this evidence, if credited, may be sufficient to satisfy the employer's burden under the second step, the ALJ was required to address it in arriving at his final decision. However, he failed to do so. This failure to address the issue of suitable alternate employment renders the ALJ's decision inadequate for review. We further find that this failure was material given the evidence presented by Petitioners.

We therefore vacate the order of the Benefits Review Board and remand the case with instructions for the Board to further remand to

the ALJ for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4